**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5182-16T1

JOSEPH KORNBLEUTH, DMD,
and DONNA KORNBLEUTH,
husband and wife,

    Plaintiffs-Appellants,

v.

THOMAS WESTOVER and BETSY
WESTOVER, husband and wife,

    Defendants-Respondents,

and

NEW JERSEY BAMBOO LANDSCAPING,
LLC, and ALEXANDER BETZ,

    Defendants.

_____

        Submitted June 7, 2018 — Decided September 6, 2018

        Before Judges Simonelli and Gooden Brown.

        On appeal from Superior Court of New Jersey,
        Law Division, Camden County, Docket No.
        L-1486-14.

        Heine Associates, PA, attorneys for appellants
        (I. Michael Heine, on the briefs).

                    Martin, Gunn & Martin, PA, attorneys for
                    respondents (William J. Martin, Stacy C. Cohen
                    and Ryan W. Kelly, on the brief).

PER CURIAM

On April 15, 2014, plaintiffs Joseph and Donna Kornbleuth filed a two-count complaint against their neighbors, Thomas and Betsy Westover, and New Jersey Bamboo Landscaping, LLC (New Jersey Bamboo), a bamboo clearing landscaper hired by the Westovers, (collectively defendants). The complaint alleged causes of action for trespass, conversion and negligence[1] based upon defendants' unauthorized removal of bamboo from the property line plaintiffs shared with the Westovers.

On October 27, 2015, the day trial was to commence, the trial judge denied plaintiffs' counsel's belated request for an adjournment, and in a November 9, 2015 order, dismissed the complaint without prejudice based on plaintiffs' refusal to proceed to trial. On January 6, 2016, the judge granted plaintiffs' motion for reinstatement, conditioned upon payment of an $8500 counsel fee award for defendants' trial preparation costs. Thereafter, the judge denied plaintiffs' motion for disqualification, and on April 28, 2017, a different judge granted the Westovers' motion for summary judgment for failure to prove

---

[1]  The negligence count pertained to New Jersey Bamboo only.

A-5182-16T1

damages.[2]  On June 23, 2017, the same judge denied plaintiffs' motion for reconsideration.

On appeal, plaintiffs urge several errors in the underlying proceedings, warranting reversal and remand.  First, plaintiffs argue the judge erred in dismissing their complaint for failing to appear for trial because just excuse existed for the adjournment request and plaintiffs' counsel's conduct "was neither malicious, purposeful, nor a product of inattention[.]"  Next, they argue the judge erred in awarding attorneys' fees as a sanction upon reinstatement, and erred in calculating the award.  They also argue the judge erred in not permitting them to reinstate their complaint by posting a surety bond in lieu of a cash payment, and erred in denying their motion for disqualification under Rule 1:12-2 based upon perceived bias.  Finally, they argue the judge erred in granting defendants summary judgment.

Although plaintiffs assert errors in several orders, plaintiffs' notice of appeal only identified the June 23, 2017 order, denying their motion for reconsideration of the summary judgment order.  It is well-settled that we review "only the judgment or orders designated in the notice of appeal . . . ." 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super.

---

[2]  Plaintiffs settled with New Jersey Bamboo.

A-5182-16T1

456, 459 (App. Div. 2004).  See also R. 2:5-1(f)(3)(A).  Stated differently, any arguments raised by plaintiffs that fall outside the four corners of the notice of appeal likewise fall outside the scope of our appellate jurisdiction, and are therefore not reviewable as a matter of law.

We recognize that a challenge on reconsideration may argue the legal sufficiency of an underlying order.  R. 4:49-2.  However, if, as here, the notice of appeal "designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed."  Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2018).

Furthermore, although plaintiffs' notice of appeal only identified the order entered on the motion for reconsideration, plaintiffs present no legal argument or citation of law in their merits brief on why the motion judge erred in denying reconsideration.  Rule 2:6-2(a)(5) "requires that the party's legal argument be made under 'appropriate point headings.'  Those are the arguments we consider."  Almog v. Israel Travel Advisory Serv., Inc., 298 N.J. Super. 145, 155 (App. Div. 1997).  Plaintiffs' noncompliance with the rule effectively waives their challenge to the reconsideration ruling on appeal.  Id. at 155-56.

Moreover, although several of the underlying orders referred to reasons placed on the record, plaintiffs provided transcripts for the October 27, 2015 and June 23, 2017 proceedings only.[3] "A party on appeal is obliged to provide the court with 'such other parts of the record . . . as are essential to the proper considerations of the issues.'" Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002) (alteration in original) (quoting R. 2:6-1(a)(1)(H)). Thus, our review is further precluded by plaintiffs' failure to provide transcripts of the pertinent proceedings. Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004) (declining review because plaintiff failed to provide transcripts of proceedings).

Although we have in the past declined to review appeals in their entirety because of these types of record deficiencies and rule violations, notwithstanding plaintiffs' noncompliance, we have elected to treat this matter indulgently and address the two issues for which plaintiffs have provided the complete transcripts. El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 155 n.4 (App. Div. 2005). Thus, we review the denial of plaintiffs' application for an adjournment of the trial and

---

[3] Plaintiffs provided only a four-page excerpt of the summary judgment motion heard on April 28, 2017. Although Rule 2:5-3(c) permits parties to submit an abbreviated transcript if the parties consent or by order of the trial court, neither occurred here.

resulting dismissal of the complaint, and the denial of plaintiffs' motion for reconsideration of the order granting defendants summary judgment, both of which we affirm.

First, we consider plaintiffs' request for an adjournment. When the parties appeared for trial on October 27, 2015, plaintiffs' counsel requested a continuance, citing the unavailability of his support staff. While acknowledging that he was the designated trial counsel, he indicated that he was "unable to proceed" because his purported "second chair" was sick and his secretary assistant, who was crucial to operate the equipment for his electronic presentation, was incapacitated due to the hospitalization of her elderly parents. Plaintiffs' counsel also refused to proceed with the adjudication of the pending motions in limine previously filed by the parties, and refused to proceed with jury selection after spending "a considerable amount of time" the previous day in a pre-trial conference with the court and counsel, preparing the voir dire questions.

Judge Louis R. Meloni denied counsel's adjournment request, noting that "[a]ll designated trial counsel" were present, fifty-five jurors were reserved for jury selection, and "[he] was prepared to decide" the motions in limine. After plaintiffs' counsel adamantly refused to proceed, the judge dismissed the complaint without prejudice. Acknowledging that he did not expect

any evidence presentation until the following day and offering assistance with the operation of counsel's equipment, the judge explained:

> This is the second listing for this case.
>
> [Plaintiffs' counsel is] the designated trial counsel. I've never seen anyone adjourn a case because of the unavailability of support staff. I've made it clear that we would do whatever we could with the electronic presentation with our IT staff and equipment . . . to aid . . . plaintiff[s] to present . . . whatever they thought they needed to present by that mechanism.
>
> I also feel that the other parties are ready and prepared to go forward. I do not consider the circumstances here to be so exceptional as to adjourn this to a new trial date. And for that reason, and the plaintiff[s]'[] indication that they will not go forward, I will dismiss the case. I will dismiss it without prejudice, provided that . . . a motion to reinstate is made within [thirty] days.
>
> At that time, I will consider, in connection with the application to reinstate, any application by either or both of the defendants for trial preparation costs for today's trial, because my inclination is that in the event I do grant a reinstatement . . . defendants should be reimbursed a reasonable cost for their trial preparations, which I normally would add as a condition of any reinstatement. But I'll consider that at the time of any application.

A-5182-16T1

On November 9, 2015, the judge entered a memorializing order dismissing plaintiffs' complaint without prejudice.[4]

On appeal, plaintiffs argue the judge erred in denying their request for an adjournment based on "trial team personnel illnesses[,]" and assert that the circumstances did not "warrant dismissal, much less financial sanction." We disagree.

Trial courts have broad discretion in determining whether to grant or deny an adjournment request. State v. Jenkins, 349 N.J. Super. 464, 478 (App. Div. 2002); State v. McLaughlin, 310 N.J. Super. 242, 259 (App. Div. 1998). When reviewing the exercise of such discretion, we do not substitute our judgment for that of the trial court. Gillman v. Bally Mfg. Corp., 286 N.J. Super. 523, 528 (App. Div. 1996). We only consider whether the trial court "pursue[d] a manifestly unjust course." Ibid. (quoting Gittleman v. Central Jersey Bank & Tr. Co., 103 N.J. Super. 175, 179 (App. Div. 1967), rev'd on other grounds, 52 N.J. 503 (1968)).

We are satisfied that the trial judge's denial of plaintiffs' adjournment request was not a mistaken exercise of discretion. As the judge noted, plaintiffs' attorney was the designated trial counsel and the judge afforded him several accommodations, all of

---

[4] The judge also struck plaintiffs' answer to the Westovers' counterclaim. Following reinstatement, a different judge granted plaintiffs' motion for summary judgment on the counterclaim on September 30, 2016.

which he rejected.  We are also satisfied that the judge did not err by dismissing the complaint without prejudice when plaintiffs refused to proceed to trial, which was tantamount to a failure to appear for trial.  Rule 1:2-4(a) provides in pertinent part that the trial court may dismiss a complaint if "without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party . . . on the day of trial."

Dismissals for failure to appear are generally without prejudice "unless the court for good cause orders otherwise." Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 393 (App. Div. 1994).  Furthermore, Rule 1:2-4(a) authorizes additional sanctions for failure to appear in appropriate circumstances, as here, including "the payment by the delinquent attorney or party . . . of costs, in such amount as the court shall fix, . . . to the adverse party;" or "the payment by the delinquent attorney or party . . . of the reasonable expenses, including attorney's fees, to the aggrieved party . . . ."

Turning to plaintiffs' motion for reconsideration, at the June 23, 2017 hearing on the motion, initially Judge Yolanda C. Rodriguez summarized the facts as follows:

Just a brief recap, per [Rule] 4:46 and the Brill[5] case, I had granted the defendants summary judgment after giving all reasonable inferences to the non-moving party.

With respect to the trespass claim, I found that the undisputed facts are that the plaintiffs and defendants are neighbors. And one day when none of them were home, New Jersey Bamboo . . . , which had been a defendant, but I believe settled a while ago, . . . had cut all the bamboo between their properties instead of just the bamboo that was on the defendants' property.

. . . . And after oral argument and reviewing the briefs and the record, I found that this case was more like the Mosteller[6] case, and the appropriate measure of damages was diminution of value. Unfortunately, . . . plaintiffs did not have an expert or were [un]able to provide any evidence with respect to that kind of opinion. And so defendants moved for summary judgment since plaintiffs can't prove their damages, and I agreed.

As I stated last time, the undisputed record is that the primary reason for the bamboo fence was to provide privacy. I found the Mosteller decision to be on point . . . I also granted summary judgment with respect to conversion, finding that conversion deals with chattel, and this is more like trees, shrubbery, it's realty. So I granted summary judgment with respect to the conversion count, and I also granted summary judgment with respect to punitive damages per the Punitive

---

[5] Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995).

[6] Mosteller v. Naiman, 416 N.J. Super. 632 (App. Div. 2010).

Damages Act[7] and the Longo[8] case. Since there are no actual damages, there can't be any punitive damages.

Following oral argument, after citing the standard for reconsideration under Rule 4:49-2 and applying Palombi v. Palombi, 414 N.J. Super. 274 (App. Div. 2010) and D'Atria v. D'Atria, 242 N.J. Super. 392 (Ch. Div. 1990), the judge concluded there was no "new evidence presented or case . . . overlooked" to warrant reconsideration. In rejecting plaintiffs' challenge to the dismissal of their trespass claim, Judge Rodriguez reiterated that based on plaintiffs' deposition testimony, "the primary purpose and focus" of plaintiffs' "trespass claim was the privacy of this bamboo fence." Judge Rodriguez noted that under Mosteller, the measure of damages for claims concerning trees and shrubbery that "typically provide privacy, shade, [and] beauty" is "diminution of market value" unless plaintiffs prove a peculiar value as articulated in Huber v. Serpico, 71 N.J. Super. 329 (App. Div. 1962).

Because privacy did not meet the peculiar value standard, the judge concluded that "the appropriate measure of damages" under

---

[7]  N.J.S.A. 2A:15-5.9 to -5.17.

[8]  Longo v. Pleasure Prods., Inc., 215 N.J. 48 (2013) (noting that "punitive damages may be awarded only if compensatory damages have been awarded in the first stage of the trial.").

Mosteller was the diminution of market value approach. The judge pointed out that plaintiffs presented no evidence, expert or otherwise, on damages based on diminution of market value. Thus, she determined that summary judgment was appropriate on the trespass claim and reconsideration was unwarranted. The judge entered a memorializing order and this appeal followed.

Motions for reconsideration are granted only under very narrow circumstances. We have determined that reconsideration is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion . . . ." Palombi, 414 N.J. Super. at 288. However, reconsideration "should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence. D'Atria, 242 N.J. Super. at 401.

We will not disturb a trial judge's denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). An abuse of discretion only arises on demonstration of "manifest error or injustice[,]" State v. Torres, 183 N.J. 554, 572 (2005) (quoting State v. Ravenell, 43 N.J. 171,

182 (1964)), and occurs when the trial judge's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted).

Judge Rodriguez' decision was not palpably incorrect, nor did plaintiffs offer any evidence the judge failed to consider. Thus, we discern no abuse of discretion. As the judge observed, one of two measures is employed to determine damages for injury done to land. The diminution of value measure allows recovery for the "difference in the value of [the plaintiff's] property immediately before and immediately after the injury to it, that [is], the amount [the] property has diminished in value as a result of the injury." Mosteller, 416 N.J. Super. at 638 (second alteration in original) (emphasis omitted) (quoting Velop, Inc. v. Kaplan, 301 N.J. Super. 32, 64 (App. Div. 1997)). On the other hand, "the replacement-cost or restoration-cost measure . . . awards the plaintiff the reasonable cost of restoring or repairing the damage." Ibid. (quoting Velop, 301 N.J. Super. at 64).

"The predominant measure of damages in cases involving the destruction or removal of trees and ornamental shrubs is the diminution-of-market-value measure." Id. at 639. The rationale for applying this measure is that "such trees are ordinarily not

marketable commodities whose value can thus be measured, but . . . their value principally inheres in what they impart to the realty on which they stand." Ibid. (quoting Kristine Cordier Karnezis, Annotation, Measure of Damages for Injury to or Destruction of Shade or Ornamental Tree or Shrub, 95 A.L.R.3d 508, § 2 (2008)).

However, we have recognized that in "special instances" such as "where a trespasser has destroyed shade or ornamental trees or shrubbery having peculiar value to the owner[,]" the proper measure of damages is the replacement or restoration approach "without necessary limitation to the diminution in the market value of the land." Id. at 639-40 (quoting Huber, 71 N.J. Super. at 345). In Huber, the plaintiffs owned a fourteen-and-a-half acre tract of land used for enjoyment and recreation that contained a grove of seventy-year-old to eighty-five-year-old trees that the defendant-trespasser cut down while the plaintiffs were away on vacation. 71 N.J. Super. at 345. In those circumstances, we held that a restoration-cost approach was the fairest method of quantifying the plaintiff's loss, because of the "peculiar value" of the trees to the plaintiff. Ibid.

Conversely, in Mosteller, we concluded that the trial court correctly applied the diminution-of-market-value approach as an appropriate measure of damages to defendant's unauthorized removal

of six mature trees from rental property owned by plaintiff. 416

N.J. Super. at 634. There, like here, the defendant, an adjacent

property owner, hired a company to remove several trees on what

she believed to be her side of the property line. Id. at 635.

Six of the trees located on plaintiff's side of the property line

were removed without plaintiff's knowledge or permission. Ibid.

We determined that plaintiff "established no 'peculiar value'

in the lost trees that might justify a replacement value approach."

Id. at 636. We concluded

> that the assorted items of damage cited by
> plaintiff, including the loss of shade, the
> increased erosion and insect risks, . . . did
> not rise to the level of a special harm that
> warranted a departure from the diminution-of-
> market-value test. These are typical negative
> consequences that unfortunately result from
> the destruction of trees and shrubbery, and
> they do not establish that plaintiff's trees
> were of peculiar value to him. They provide
> no special justification for a more generous
> measure of damages . . . .

> [Id. at 641.]

Here, we agree with Judge Rodriguez that this case was more

akin to Mosteller because plaintiffs' loss of privacy did not

establish a peculiar value in relation to the bamboo to justify a

replacement value approach. A generalized desire for a privacy

screen, much like providing shade, did not establish that

plaintiffs' bamboo was of peculiar value to them. As such, the

15

judge properly found that the diminution of value approach was the appropriate measure of damages. Because plaintiffs failed to provide any expert or other testimony that their property diminished in value as a result of the removal of the bamboo, Judge Rodriguez did not abuse her discretion in denying plaintiffs' motion for reconsideration.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5182-16T1